UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNETTE J. CRUZ,

    Plaintiff,

vs.                                    Case No. 6:08-CV-1462-ORL-22-DAB

GC SERVICES LIMITED PARTNERSHIP,
OLS ENTERPRISES, INC. and
GC FINANCIAL CORP.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the State of Florida Consumer Collection Practices Act, § 559.72, Florida Statutes 2007(hereinafter, "State Act") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, ANNETTE J. CRUZ, is a natural person residing in Kissimmee, Osceola County, Florida.

4. Defendant, GC SERVICES LIMITED PARTNERSHIP, is a registered corporation within the State of Delaware engaged in the business of collecting debts with its principal place of business located at 6330 Gulfton, Houston, Texas 77081. The principal purpose of the Defendant is the collection of debts using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendants, OLS ENTERPRISES, INC. and GC FINANCIAL CORP., are registered corporations within the State of Delaware and are general partners to the Defendant, GC SERVICES LIMITED PARTNERSHIP, thus are liable jointly and severally for the FDCPA and State Act violation committed by GC SERVICES LIMITED PARTNERSHIP.

6. Defendant GC SERVICES LIMITED PARTNERSHIP is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

IV.
FACTUAL ALLEGATIONS

7. The Plaintiff purchased a refrigerator from Sears and charged the purchase to her new Sears credit account.

8. Three months passed without the Plaintiff receiving a credit card statement from Sears

9. The Plaintiff called Sears to inquire as to why she had not received a statement and was told that she did not have an account. Plaintiff decided to wait for a statement from Sears.

10. Meantime, the Account was assigned, placed or otherwise transferred to the Defendant, GC SERVICES LIMITED PARTNERSHIP, for collection.

11. On or about May 21, 2008, the Plaintiff received written notification of the debt in accordance with 15 U.S.C. § 1692(g) informing her that she owed $2,090.66.

12. On June 4, 2008, the Plaintiff spoke with a representative, employee and/or agent, of the Defendant, GC SERVICES LIMITED PARTNERSHIP, in an attempt to explain that she had not received a statement from Sears and was unable to obtain the whereabouts of the account from Sears.

2

13. The Defendant, GC SERVICES LIMITED PARTNERSHIP, representatives, employees and/or agents informed the Plaintiff that she needed to pay the account along with the late charges and interest.

14. When the Plaintiff verbally disputed the late charges and interest, the Defendant, GC SERVICES LIMITED PARTNERSHIP, representatives, employees and/or agents, instructed her to contact Citibank to discuss her problems and that Citibank would have to make the changes to her account.

15. Sometime thereafter, the Plaintiff started receiving collection telephone calls at her home from the Defendant, GC SERVICES LIMITED PARTNERSHIP, representatives, employees and/or agents, in an attempt to collect this debt.

16. On two occasions, June 18, 2008 and June 19, 2008, the Defendant, GC SERVICES LIMITED PARTNERSHIP, representatives, employees and/or agents contacted the Plaintiff after 9:00 p.m.

17. On June 20, 2008, the Defendant, GC SERVICES LIMITED PARTNERSHIP, representatives, employees and/or agents, contacted the Plaintiff's sister-in-law seeking location information about the Plaintiff and misleading the sister-in-law into believing that the Plaintiff had given the Defendant permission to contact her.

V.
FIRST CLAIM FOR RELIEF

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants violated the FDCPA. Defendants violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692c (a) (1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

(b) The Defendants violated 15 U.S.C. § 1692c (b) by contacting the Plaintiff's sister-in-law without the prior consent of the Plaintiff.

20. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment

3

that Defendants conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## VI.
## SECOND CLAIM FOR RELIEF

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendants violated the State of Florida Consumer Collection Practices Act (§559.55 to § 559.785 Fla. Stat.). Defendant's violations include, but are not limited to, the following:

(a) The Defendants violated § 559.72 (9), by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist

(b) The Defendants violated § 559.72(17), by calling the Plaintiff between the hours of 9:00 p.m. and 8:00 a.m.

23. Defendants acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the above violations of the State of Florida Consumer Collection Practices Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

## VII.
## THIRD CLAIM FOR RELIEF

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to

4

          marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692 (emphasis added).

27. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by telephoning the Plaintiff's home late at night and by telephoning the Plaintiff's sister-in-law in order to acquire location information when the Defendants knew the Plaintiff's location as revealed by the Defendants written notification of the debt in accordance with 15 U.S.C. § 1692(g) informing her that she owed $2,090.66, and the Plaintiff contacting the Defendant, GC SERVICES LIMITED PARTNERSHIP, in response to the letter.

28. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

29. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

30. As a result of such invasions of privacy, Defendants have caused the Plaintiff to suffer great worry, loss of sleep, anxiety, embarrassment, and nervousness.

## VIII.
## FOURTH CLAIM FOR RELIEF

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

33. Defendants knew or should have known that said conduct was improper.

34. Defendants negligently and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

35. As a result of such invasions of privacy, Defendants have caused the Plaintiff to suffer great worry, loss of sleep, anxiety, embarrassment, and nervousness.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the Defendant's violations of the State of Florida Consumer Collection Practices Act;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to (§559.77 Fla. Stat);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and (§559.77 Fla. Stat);

F. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 12 day of August 2008.

_____
MARIO J. CABRERA, ESQUIRE
Florida Bar # 0001163
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
DiCesare, Davidson, & Barker, P.A.
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-mail rbarker@ddblaw.com
Attorney for Plaintiff

6

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA            )
                            ) ss.
COUNTY OF POLK              )

Plaintiff, ANNETTE J. CRUZ, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
6. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
ANNETTE J. CRUZ

Sworn to or affirmed and signed before me on August 11, 2008, by ANNETTE J. CRUZ.

_____
NOTARY PUBLIC-STATE OF FLORIDA

Ginette Allen Chau
My Commission DD385433
Expires October 24 2008

[Print, type, or stamp commissioned name of notary.]

__X__ Personally known
_____ Produced identification
Type of identification produced

7